| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 9/8/2020 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
EMANUEL DELACRUZ, on behalf of himself
and all other persons similarly situated,

                                   Plaintiffs,                    19-CV-10319 (KMW)

                  v.                                              **OPINION AND ORDER**

RUBY TUESDAY, INC.,

                                   Defendant.
------------------------------------------------------X
KIMBA M. WOOD, United States District Judge:

        Plaintiff Emanuel Delacruz, who is legally blind, brings this putative class action against

Defendant Ruby Tuesday, Inc., alleging that Defendant violated Title III of the Americans with

Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New

York City Human Rights Law ("NYCHRL"), for failing to provide braille gift cards.  Defendant

moves to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6).  For the reasons set forth below, the Court finds that Plaintiff

has standing but that the FAC fails to state a claim.  Accordingly, Defendant's motion is

GRANTED.

## BACKGROUND

        Plaintiff, a New York resident, is a visually impaired and legally blind person who

requires braille to read written material.  (FAC, ECF No. 16 ¶¶ 2, 26.)  Defendant operates

restaurants throughout New York and is one of the largest restaurant chains in the world.  (*Id.* ¶

26.)  Defendant sells, among other things, gift cards that customers can use to purchase goods

and services from its stores.  (*Id.* ¶ 30.)

1

On October 21, 2019, Plaintiff called Defendant's customer service office and asked whether Defendant "sold store gift cards containing Braille." (*Id.* ¶ 16.) Plaintiff was informed that Defendant did not sell such gift cards; plaintiff was not offered alternative auxiliary aids or services with respect to the gift cards. (*Id.* ¶¶ 16, 17.) Plaintiff was also unable purchase an accessible gift card from Defendant. (*Id.* ¶ 18.) Plaintiff has been a customer at Defendant's restaurants and intends to immediately purchase gift cards from Defendant as soon as gift cards that are accessible to blind persons are available. (*Id.* ¶ 21.)

Plaintiff sued Defendant under the ADA, NYSHRL, and NYCHRL seeking compensatory damages, attorneys' fees, costs, declaratory relief, and injunctive relief. (FAC at 24-25.) Plaintiff filed this action on November 6, 2019 and subsequently filed the First Amended Complaint on February 21, 2020. (ECF Nos. 1, 16.) Defendant moved to dismiss the FAC for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). (Mot. to Dismiss, ECF No. 19.)

## LEGAL STANDARD

A district court must dismiss an action under Rule 12(b)(1) for lack of subject matter jurisdiction if it determines that the plaintiff lacks constitutional standing to bring the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). "The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that it has standing to sue." *Id.* (internal quotation marks and alteration omitted). The Court must "accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party" but "may also rely on evidence outside the complaint." *Id.* (alterations omitted).

2

To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (citation omitted).

## DISCUSSION

Defendant argues that Plaintiff lacks standing and has failed to state a claim to relief. The Court finds that the FAC adequately pleads standing but that Plaintiff's claims fail on the merits.

## I.    Standing

Standing in the ADA context is established where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013) (per curiam) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)).

The Court finds that the FAC adequately pleads standing. First, Plaintiff satisfies the past injury requirement by alleging that he was unable to purchase a braille gift card and was not offered alternative auxiliary aids or services. (FAC ¶¶ 16-17.) "A cognizable ADA injury occurs when a person encounters a barrier at a public accommodation." *Dominguez v. Taco Bell Corp.*, No. 19-cv-10172, 2020 WL 3263258, at *2 (S.D.N.Y. June 17, 2020) (Woods, J.).

3

Second, it is reasonable to infer that the discriminatory treatment will continue because, as Plaintiff alleges, Defendant "intends to continue selling store gift cards that are not accessible to blind and vision-impaired consumers."  (FAC ¶ 15.)  Further, Defendant "lacks a plan and policy reasonably calculated to make them fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers."  (FAC ¶ 58.)  *See Camarillo*, 518 F.3d at 158.

Third, it is also reasonable to infer that Plaintiff intends to return to Defendant's restaurant because Plaintiff alleges that he has been a customer at Defendant's restaurant, resides in close proximity to Defendant's restaurants, and will purchase a store gift card once they are accessible to individuals who are blind.  (FAC ¶¶ 21, 25.)

"Intent to return is a highly fact-sensitive inquiry that incorporates a range of factors," including "the frequency of the plaintiff's past visits," "the proximity of the defendant's services, programs, or activities to the plaintiff's home," the plaintiff's "occupation or demonstrated travel habits," and other factors "relevant to the calculation."  *Ortiz v. Westchester Med. Ctr. Health Care Corp.*, No. 15-cv-5432, 2016 WL 6901314, at *5 (S.D.N.Y. Nov. 18, 2016) (Román, J.) (quoting *Bernstein v. City of New York*, 621 F. App'x 56, 58-59 (2d Cir. 2015)).  For example, in *Camarillo*, the Second Circuit held that it was "reasonable to infer, based on the past frequency of [plaintiff's] visits and the proximity of defendants' restaurants to her home, that [plaintiff] intends to return to these restaurants in the future."  518 F.3d at 158.

Judges in this district have considered the intent to return question in analogous cases where plaintiffs sued establishments for their failure to offer braille gift cards.  These plaintiffs generally allege that they have been customers at the establishment on prior occasions, live in close proximity to defendant's business, and intend to purchase store gift cards once they are

4

accessible to blind persons.  (*See, e.g.*, FAC ¶¶ 21, 25.)  However, judges have reached different conclusions with respect to these same facts.

Some judges in this district have followed Judge Gregory Woods's decision in *Dominguez v. Banana Republic, LLC* and found allegations, such as the foregoing, insufficient to plead an intent to return to the establishment because they are vague and conclusory.  No. 19-cv-10171, 2020 WL 1950496, at *4 (S.D.N.Y. Apr. 23, 2020); *see, e.g.*, *Dominguez v. Grand Lux Cafe LLC*, No. 19-cv-10345, 2020 WL 3440788, at *3 (S.D.N.Y. June 22, 2020) (Vyskocil, J.).  In the case of Banana Republic, Judge Woods reasoned that "Plaintiff does not profess an interest in procuring contemporary, affordable workwear, nor does he assert that he owns several Banana Republic pieces already and wishes to continue compiling a collection with the help of a Banana Republic gift card."  *Banana Republic, LLC*, 2020 WL 1950496, at *4.

Other judges have followed Judge Lorna Schofield's decision in *Dominguez v. Taco Bell Corp.* and found analogous allegations sufficient to plead an intent to return to the establishment.  2020 WL 3263258, at *3; *see, e.g.*, *Thorne v. Boston Market Corp.*, No. 19-cv-9932, 2020 WL 3504178, at *5 (S.D.N.Y. June 29, 2020) (Abrams, J.) ("Although [plaintiff's] allegations are not especially detailed, they do plausibly allege an intent to return under this district's case law.").  Judge Schofield acknowledged Judge Woods's reasoning in *Banana Republic* but distinguished it in the case of Taco Bell, "because of the nature of Taco Bell's business and the broader appeal and accessibility of its products as compared with Banana Republic clothing."  *Taco Bell Corp.*, 2020 WL 3263258, at *3.

The Court agrees with Judge Schofield and other judges in this district who have found allegations almost identical to Plaintiff's allegations in this case sufficient to plead an intent to return to the establishment.  Plaintiff alleges that he has "been a customer at Defendant's

5

restaurant on prior occasions," FAC ¶ 21, resides "in close proximity to several of the
Defendant's restaurant locations," *id.* ¶ 25, and "intends to purchase at least one store gift card
from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind
and utilize it at Defendant's restaurant," *id.* ¶ 21.

Like Taco Bell and Boston Market, Ruby Tuesday operates chain restaurants worldwide
and, as a restaurant, has broad appeal and appeals to individuals like Plaintiff. *Taco Bell Corp.*,
2020 WL 3263258, at *3; *Boston Market Corp.*, 2020 WL 3504178, at *6; *see also Mendez v.
Outback Steakhouse of Fla., LLC*, No. 19-cv-9858, 2020 WL 4273820, at *2 (S.D.N.Y. July 23,
2020) (Oetken, J.) (finding intent to return sufficiently pleaded in part because future visits to
Outback Steakhouse, a popular restaurant chain, are not rare). Accepting Plaintiff's
allegations—that he has been a customer at Ruby Tuesday, resides in close proximity to several
of the restaurants, and intends to purchase store gift cards once they are accessible—as true, the
Court finds it reasonable to infer that Plaintiff intends to return to Ruby Tuesday. *See Vullo v.
Office of Comptroller of Currency*, 378 F. Supp. 3d 271, 282 (S.D.N.Y. 2019) (Marrero, J.) ("In
evaluating a plaintiff's showing of standing, a court must accept as true all material facts alleged
in the complaint and draw all reasonable inferences in the plaintiff's favor."). Therefore, the
Court finds that the FAC sufficiently pleads an intent to return to Defendant's restaurant.

Defendant suggests that Plaintiff's filing of nearly identical complaints against other
establishments militates against finding that Plaintiff actually intends to return to Defendant's
restaurant. (Def.'s Reply, ECF No. 23 at 5.) *See, e.g.*, *Delacruz v. Jamba Juice Co.*, No. 19-cv-
10321, 2020 WL 3250392, at *1 (S.D.N.Y. June 16, 2020) (Woods, J.). But as one court in this
district noted, "[t]here is nothing inherently wrong with filing duplicative lawsuits against
multiple defendants if the harms to be remedied do exist and are indeed identical." *Mendez v.*

6

*Apple Inc.*, No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) (Preska, J.)  The

FAC adequately pleads standing because, "[a]lthough the purported 'cut-and-paste' nature of this

litigation may in some instances call into question the plausibility of a plaintiff's intent to return,

here Plaintiff's past visits to Defendant's restaurants, close proximity to one of its restaurants in

New York City, and stated desire to return are sufficient."  *Boston Market Corp.*, 2020 WL

3504178, at *6.

   Accordingly, Defendant's Rule 12(b)(1) motion is DENIED.

## II.   ADA Claims

   Plaintiff's overarching argument is that the ADA requires commercial stores to provide

legally blind customers with braille gift cards or gift cards that are otherwise accessible to blind

persons.  (FAC ¶ 4.)  He makes three arguments with respect to the ADA: (1) a gift card itself is

a public accommodation; (2) a gift card is not a good sold by a public accommodation; and (3)

Defendant's failure to offer braille or otherwise accessible gift cards is a failure to offer an

appropriate auxiliary aid or service.  Each of these arguments fails as a matter of law.

### A.   Whether a gift card itself is a place of public accommodation

   First, Plaintiff argues that gift cards themselves are a "place of public accommodation"

under the ADA.  (Pl.'s Opp., ECF No. 22 at 4, 17-18; *see* FAC ¶ 43.)  Hence, Plaintiff contends

that Defendant is discriminating against blind persons by failing to make gift cards accessible to

them.  (Pl.'s Opp. at 18.)

   Title III of the ADA prohibits discrimination "on the basis of disability in the full and

equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

any place of public accommodation."  42 U.S.C. § 12182(a).  Discrimination is defined, in

relevant part, as "a failure to make reasonable modifications in policies, practices, or procedures,

when such modifications are necessary to afford such goods [or] services . . . to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods [or] services."  42 U.S.C. § 12182(b)(2)(A)(ii).

Under Title III, private entities are considered "a place of public accommodation" if their operations affect commerce and fall into one of twelve[1] enumerated categories.  42 U.S.C. § 12181(7)(A)-(L); *see* U.S. Dep't of Justice, ADA Title III Technical Assistance Manual: Covering Public Accommodations and Commercial Facilities, III-1.2000 Public Accommodations, *available at* https://www.ada.gov/taman3.html (visited on August 21, 2020) ("Can a facility be considered a place of public accommodation if it does not fall under one of these 12 categories? No, the 12 categories are an exhaustive list.").  Gift cards do not fall within any of the twelve categories, and Plaintiff does not argue otherwise.  *See Taco Bell Corp.*, 2020 WL 3263258, at *5 ("Nothing on [§ 12181(7)(A)-(L)] even remotely resembles a gift card.").

Instead, Plaintiff argues that gift cards should be treated like commercial websites because they facilitate the use of in-store services.  (Pl.'s Opp. at 17-18 n.44.)  Plaintiff cites *Gomez v. Gen. Nutrition Corp.* ("*GNC*"), where a court in the Southern District of Florida held that GNC's website was a place of public accommodation and noted that "the ADA prohibits a retailer's website from 'imped[ing] a disabled person's full use and enjoyment of the brick-and-mortar store.'"  323 F. Supp. 3d 1368, 1375-76 (S.D. Fla. 2018) (citation omitted).  The court in *Gomez* analyzed whether there was a sufficient nexus between GNC's website and its physical stores by considering factors such as whether the website "provides a service of the public

---

[1] The twelve categories are (1) places of lodging, (2) establishments serving food or drink, (3) places of exhibition or entertainment, (4) places of public gathering, (5) sales or rental establishments, (6) service establishments, (7) stations used for specified public transportation, (8) places of public display or collection, (9) places of recreation, (10) places of education, (11) social service center establishments, and (12) places of exercise or recreation.

8

accommodation like the ability to purchase or preorder products" and "facilitates use of the physical stores." *Id.* at 1376.  District courts in the Second Circuit have also held that Title III may extend to commercial websites offering goods and services.  *See Harty v. Nyack Motor Hotel Inc.*, No. 19-cv-1322, 2020 WL 1140783, at *4 (S.D.N.Y. Mar. 9, 2020) (Karas, J.) (collecting cases).

However, the rationale employed in *GNC* and other cases that have held that websites are covered under Title III is inapplicable to Plaintiff's case, because a gift card is not analogous to a website that offers goods and services.  "[T]he phrase 'place of public accommodation' most logically reads as referring to a space—figurative or not—that can provide the services of a public accommodation." *Banana Republic, LLC*, 2020 WL 1950496, at *7.  Gift cards are not a place of public accommodation because "[t]hey may be *used to* purchase goods from a retailer, but they are not spaces where those purchases can be made. Put differently, a consumer can make a purchase *with* a gift card, but not *on* or *in* a gift card." *Id.* (emphasis in original). Therefore, Plaintiff's argument that gift cards themselves are a "place of public accommodation" fails.

### B.  Whether the ADA requires Defendant to sell accessible gift cards

Second, Plaintiff argues that Defendant's failure to make its gift cards accessible violates the ADA because gift cards are a financial service and are not goods.  (*See* Pl.'s Opp. at 13, 18; FAC ¶ 56.)  Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods [and] services," 42 U.S.C. § 12182(a), and requires places of public accommodation to modify their "policies, practices, or procedures" to enable disabled individuals to access its goods and services, § 12182(b)(2)(A)(ii).  However, § 12182(b)(2)(A)(ii) requires establishments only to make the goods and services accessible; it

9

does not require them to modify the actual goods or services that they provide. *Taco Bell Corp.*, 2020 WL 3263258, at *4; *see, e.g.*, *Banana Republic, LLC*, 2020 WL 1950496, at *6 ("[A] bookstore could not prohibit a visually impaired person from entering its store, but it need not ensure that the books it sells are available in both Braille and standard print."). Thus, to the extent that gift cards are "goods," Defendant is not obligated to provide them in braille or modify them.

The Court finds—consistent with every judge in this district who has recently considered whether gift cards are goods—that gift cards are goods. *Outback Steakhouse of Fla., LLC*, 2020 WL 4273820, at *3 (collecting cases). "[A] gift card is manufactured, displayed for sale in its restaurants, and purchased by customers by the same means that they would purchase any other product." *Boston Market Corp.*, 2020 WL 3504178, at *8.

Plaintiff disagrees. He argues that "[g]ift cards are not goods" but are rather "an optional supplemental financial service providing an alternative method of payment." (Pl.'s Opp. at 13.) He contends that, like U.S. currency, gift cards should also be made independently accessible. (*Id.* at 18.) Plaintiff cites *American Council of the Blind v. Paulson*, where the D.C. Circuit held, in another context, that the Treasury Department was required to design and issue paper currency that is accessible to blind persons because cash has "constitutional underpinnings" and is intended to be "the universal medium or common standard, by a comparison with which the value of all merchandise may be ascertained[.]" 525 F.3d 1256, 1268-69 (D.C. Cir. 2008) (quoting Joseph Story, 3 Commentaries on the Constitution § 1113). In contrast, as Plaintiff admits, gift cards are merely an "optional" method of payment that Defendant accepts. (Pl.'s Opp. at 13.) Gift cards simply do not have the same "constitutional underpinnings" and

universalism as cash.  Therefore, the Court finds that Defendant is not obligated to modify its gift cards to include braille because its gift cards are not a financial service—they are goods.

### C.  Whether defendant fails to provide sufficient auxiliary aids

Third, Plaintiff argues that Defendant fails to provide braille or other alternative auxiliary aids or services with respect to gift cards.  (FAC ¶¶ 16-17, 19.)  Title III requires regulated entities to "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good [or] service . . . or would result in an undue burden[.]"  42 U.S.C. § 12182(b)(2)(A)(iii).

In particular, public accommodations must "furnish appropriate auxiliary aids and services," such as "Brailled materials," where necessary to "ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c)(1), (b)(2).  However, "the ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication."  28 C.F.R. § 36.303(c)(1)(ii); *see* 28 C.F.R. pt. 36, App'x C ("Congress did not intend under [T]itle III to impose upon a public accommodation the requirement that it give primary consideration to the request of the individual with a disability.").

With respect to restaurant menus, for example, the Second Circuit has held that "[w]hile restaurants are not necessarily required to have on hand large print menus that [plaintiff] would be able to read, they are required to ensure that their menu options are effectively communicated to individuals who . . . are legally blind."  *Camarillo*, 518 F.3d at 157; *see also Dicarlo v. Walgreens Boot All., Inc.*, No. 15-cv-2919, 2016 WL 482982, at *2 (S.D.N.Y. Feb. 5, 2016)

11

(Oetken, J.) ("[T]he ADA does not necessarily require Walgreens to use technology that allows [plaintiff] to operate the machine independently, [but] Walgreens must effectively communicate with [plaintiff] such that he can enjoy the Freestyle machine.").

Here, Plaintiff's allegation that Defendant failed to provide him with sufficient auxiliary aids is unsupported.  The FAC alleges only that Plaintiff attempted to purchase, and Defendant was unable to offer, braille gift cards.  (*See* FAC ¶¶ 16-17, 19.)  It mentions no other endeavors by Plaintiff to obtain *other* auxiliary aids or services for Defendant's gift cards.  (*Id.* ¶¶ 16-17, 19.)  As the case law interpreting the ADA makes clear, Plaintiff is not entitled to a specific type of auxiliary aid—Defendant has flexibility with respect to the type of auxiliary aid that it wishes to provide, if it ensures "effective communication."  *See Camarillo*, 518 F.3d at 157; *Dicarlo*, 2016 WL 482982, at *2.  Therefore, Plaintiff's allegations are insufficient to show that Defendant failed to offer *any* auxiliary aids or services.  *See Banana Republic, LLC*, 2020 WL 1950496, at *11 ("[Plaintiff] knows nothing about the range of auxiliary aids and services Banana Republic offers the visually impaired. [Plaintiff] asked only about Braille gift cards and learned only that Banana Republic does not sell accessible gift cards."); *Boston Market Corp.*, 2020 WL 3504178, at *12 (same).

Plaintiff does allege that "[u]pon information and belief, Defendant does not offer auxiliary aids with respect to the gift cards."  (FAC ¶ 17.)  However, this allegation is conclusory and thus insufficient.  *See Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018) (citation omitted) ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory. Those magic words will only make otherwise unsupported claims plausible when 'the facts are peculiarly within the possession and

control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.'").

For all of the reasons cited above, Plaintiff's ADA claims fail as a matter of law. Accordingly, Defendant's Rule 12(b)(6) motion is GRANTED.[2]

## III.   State Law Claims

Having dismissed Plaintiff's ADA claims, the Court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state law claims under the NYSHRL and NYCHRL.  *See* 28 U.S.C. § 1367(c)(3) ("The district court[] may decline to exercise supplemental jurisdiction over a claim . . . [once] the district court has dismissed all claims over which it has original jurisdiction[.]"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## IV.   Leave to Amend

In the alternative, Plaintiff seeks leave to amend.  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive

---

[2] Defendant complains that the FAC is confusing and thus fails to provide Defendant with adequate notice of the basis of Plaintiff's claims, as required by Rule 8(a)(2).  (Mot. to Dismiss, ECF No. 20 at 7-8.)  The Court finds that, although the FAC fails to state a claim, it provides Defendant with adequate notice of Plaintiff's claims to relief—to which Defendant responded.  *See Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument.").

13

dismissal, opportunity to replead is rightfully denied."  *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).

Plaintiff may seek leave to amend the FAC by filing a letter motion explaining how a second amended complaint would state a claim that is consistent with this Opinion and Order. The letter motion must identify additional facts pinpointing how Defendant failed to furnish auxiliary aids or services that ensure that the information on its gift cards is effectively communicated to blind persons.  The Court directs Plaintiff to append to the letter a draft of the proposed second amended complaint showing the changes from the FAC.  The letter motion must be filed on or before September 18, 2020.

**V.    Oral Argument Request**

Plaintiff's opposition to Defendant's motion to dismiss contains a request for oral argument.  (Pl.'s Opp. at 1.)  The Court does not find oral argument necessary, in light of the clarity of the briefing, and thus DENIES the request.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim is GRANTED.


SO ORDERED.

 Dated: New York, New York
        September 8, 2020                        _____/s/ Kimba M. Wood_____
                                                          KIMBA M. WOOD
                                                  United States District Judge